IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                              PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:15-cv-106-LG-RHW

THE HALIFAX HERALD LIMITED AND JOHN DOE                      DEFENDANT

## ANSWER AND DEFENSES

Reserving first hereby, and not waiving, each and every defense, objection and matter in avoidance presently applicable, or which may arise hereafter, comes now The Halifax Herald Limited (hereinafter "*The Chronicle Herald*"), by counsel, and, in response to the allegations of the Complaint, or to so many thereof as the Defendant is obliged to response, would very respectfully show unto this Honorable Court the following:

## FIRST DEFENSE

The Complaint fails to state any claim against *The Chronicle Herald* upon which relief can be granted.

## SECOND DEFENSE

The Plaintiff has not complied with the process requirements of the treaty law extant between the Commonwealth of Canada and the United States of America, more particularly *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.* The process which Plaintiff attempted was not authorized and was invalid.

D0333254.5

## THIRD DEFENSE

The process required by *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* was not served in compliance therewith, and service was, therefor, not authorized and thus was invalid.

## FOURTH DEFENSE

The Plaintiff also has not complied with the substantive or the procedural requirements of Mississippi Code Section 13-3-57.  The process which Plaintiff attempted was not authorized and is invalid.

## FIFTH DEFENSE

That process contemplated by Mississippi Code Section 13-3-57, when and if authorized, must be served in compliance therewith.  The Plaintiff's attempted service of process did not comply with the substantive and/or the procedural requirements of Mississippi Code Section 13-3-57.

## SIXTH DEFENSE

The Plaintiff may have failed to join a necessary party.

## SEVENTH DEFENSE

Plaintiff has not pleaded any facts sufficient to authorize bringing a civil action in this District or Division; venue is improper.

## EIGHTH DEFENSE

The "claim" asserted is barred by Miss. Code Section 15-1-35.

## NINTH DEFENSE

Plaintiff lacks standing to assert the claim he has asserted against *The Chronicle Herald*.

**TENTH DEFENSE**

*The Chronicle Herald* owed the Plaintiff no such "duty" as Plaintiff has concluded exists or attempted to allege.

**ELEVENTH DEFENSE**

*The Chronicle Herald* has not breached any actual duty at law respecting any matter of which the Plaintiff complains.

**TWELFTH DEFENSE**

Plaintiff has not specifically alleged wherein any words used concerning the Plaintiff himself was factually false.

**THIRTEENTH DEFENSE**

Plaintiff asserts, in conclusory fashion, that the blog he calls "Slabbed New Media, LLC" (hereinafter the blog "Slabbed"), *a non-party*, published or reported in this District and Division matter which is not specifically described in the Complaint.  Plaintiff further alleges, and in like fashion, that certain of that specifically undescribed, but allegedly reported matter (which was allegedly published on a date or dates *likewise* not specified in the Complaint) was "categorized" thereafter by *The Chronicle Herald*. And Plaintiff further asserts, in like manner, that the *category* into which the blog's reporting was placed by *The Chronicle Herald* was what plaintiff contends was "homophobia," but all without specifying the particular form or forms of "homophobia" to which Plaintiff is referring, and without even generally describing to what unspecified, undated reporting by Slabbed he is alluding.  Plaintiff's *conclusions* and any "allegations" intermingled therewith are not actionable as libels stated of the Plaintiff himself by *The Chronicle Herald*.

## FOURTEENTH DEFENSE

The Plaintiff avers or implies that *The Chronicle Herald*, as a Canadian newspaper, owed to the Plaintiff himself a legal duty to conduct one or more independent, conclusive *investigations* into the alleged merits of each of five separate, but *unnamed*, civil actions allegedly filed by others against the Plaintiff himself and, apparently, his defenses thereto, these civil actions filed somewhere (not alleged) on *unspecified* dates, in *unspecified* courts in the Commonwealth of Canada *or in the State of Louisiana*. However, the Plaintiff does not allege: any specific allegation anyone made about him personally in any one or more of those five "suits," or that any specific allegations *were* made against him personally in any of those "suits," or that any such unspecified allegations (if made against him in any of those five "suits") was factually false *or wherein it was false*, or that *The Chronicle Herald* itself had originally made any of those unspecified allegations or had itself filed any of those five "suits." Plaintiff's *conclusions* and any "allegations" intermingled therewith are not actionable as libels stated of the Plaintiff himself by *The Chronicle Herald*.

## FIFTEENTH DEFENSE

The Plaintiff avers, in conclusory fashion, that the five unidentified suits filed against him personally were filed not by *The Chronicle Herald* but, by individual persons who obviously are not named parties to the instant civil action, and that those several suits by others, allegedly brought against him personally, were "designed to harass and defame Plaintiff." Even if that were true, the Plaintiff does not aver, not even in a conclusory manner, that *The Chronicle Herald* designed to harass or defame the Plaintiff himself thereby; nor does he allege that the Defendant filed any of those five "suits" against him. Plaintiff's *conclusions* and any "allegations" intermingled therewith are not actionable as libels spoken of the Plaintiff himself by *The Chronicle Herald*.

## SIXTEENTH DEFENSE

Those individual persons, to whom the Complaint alludes as having brought "five" suits against him, had individual duties to determine the existence of good faith bases in fact and in law allegedly underlying any civil actions they actually brought against the Plaintiff himself in the courts of the United States and to do so before *they* filed those suits. *The Chronicle Herald*, however, was under no such duty as bound Plaintiff's *adversary litigants*. And *The Chronicle Herald* owed no such or any other "duty" to the Plaintiff himself to preinvestigate (before reporting thereon) the ultimate merits of any suits those persons brought against the Plaintiff in the courts of the United States concerning any unspecified (in his complaint) allegations any of those individuals actually made or implied therein against the Plaintiff himself. Moreover, these unnamed persons' allegations against the Plaintiff himself, if any, were themselves protected by the litigation privilege so that no defamation claims could be brought against those persons *by the Plaintiff*, unless their litigation privilege was overcome by Plaintiff in respect of each of those five "suits." Moreover, *The Chronicle Herald's* own reporting on those privileged proceedings was and is separately privileged. *The Chronicle Herald* was privileged to report upon activities occurring in proceedings covered by a separate litigation privilege.

## SEVENTEENTH DEFENSE

Those individual persons to whom the Complaint alludes as having brought "five" suits against him, had individual duties to determine whether there were proper bases in fact and in law underlying other suits, if any, brought against the Plaintiff himself in the courts of the Commonwealth of Canada. *The Chronicle Herald*, however, as a newspaper reporting current events, had no such investigatory "duty" to the Plaintiff himself as to any suits brought by others

against the Plaintiff elsewhere or as to any unspecified allegations any of those individuals made therein and elsewhere against the Plaintiff here. *The Chronicle Herald* was privileged to report on contemporaneous news.

## EIGHTEENTH DEFENSE

Whether or not the judgment predicated thereupon was enforced in Canada or was enforceable elsewhere after its rendition, the Supreme Court of Nova Scotia nevertheless made a finding of fact in its Decision dated February 14, 2014, in *Trout Point Lodge, et al. Handshoe*, which recited in material part the following:

> [6] The present and former actions are . . . **a response to *Mr. Handshoe's defamatory actions* conducted through the Internet [*i.e.* by "blogging"].  Justice Hood summarized *Mr. Handshoe's activities*:**
>
>     . . . .
>
> [7] . . . **The [defamatory] statements contained anti-gay rhetoric and homophobic content.**
>
>     . . . .
>
> [10]    •    **Mr. Handshoe has continued to repeatedly publish words referring to the personal [i.e., individual]** [*male*] **plaintiffs as "[redacted]," "[redacted]," "[redacted]," "[redacted]," "[redacted]," and "[redacted]."**
>
>         •    **Mr. Handshoe *republished* the following**: "I'll add here, in case it is not self-evident, that I built dossiers on all the players in the social group and I intend through time to roll out each and every one in excruciating detail. . . . The reason for this is that **this band of gay men act as a unit that will also scatter like [redacted] when the heat is applied**."
>
>         •    . . . Handshoe referred to . . . the Plaintiffs as "the **[redacted]**."

*Id.* (Emphasis added.)  It is incontrovertible that such a finding was made in the courts of the Commonwealth of Canada and that the Decision was legally issued and the Court's act legally done under the laws of the Commonwealth of Canada.  The Supreme Court of Nova Scotia found the Plaintiff had made homophobic or anti homosexual utterances in the words quoted hereinabove.

The findings of fact within this Decision by the Supreme Court of Nova Scotia and published there by that court, standing alone, were an ample factual basis for any opinion contemporarily published in Canada to the effect that Plaintiff had so comported himself and/or so operated his business as to cause reasonable inferences that he was and had been (a) a blogger, and (b) an "*anti homosexual* blogger," (emphasis added) which, if a mere opinion, and/or if factual or substantially true, cannot be a libel actionable by the Plaintiff.  Moreover, *The Chronicle Herald* is privileged to publish contemporaneous reports on court proceedings.  Fair comment on these court proceedings in which there is a public interest is not actionable.

## NINETEENTH DEFENSE

Heretofore, the Plaintiff wrote *to a sitting judge of this District Court* that certain named individuals (persons whom *Plaintiff* had earlier characterized as homosexuals) were "anonymous [redacted]" (Civil Action no. 1:13-cv-00254-HSO-RHN, ECF No. 10, P. 2), indicating his personal *animus* against persons whom he also claimed were homosexuals.  Such statements on the public record of this District Court bespeak both a general and a *specific, anti-homosexual animus* on the part of Plaintiff.

## TWENTIETH DEFENSE

This civil action was facetiously brought; Plaintiff himself appears to court the public to conclude that he is, *inter alia*, an "anti homosexual blogger," not a pro homosexual blogger,

-7-

wherefor no public opinion formed consistent with his designs or posturing to that effect can plausibly constitute his sustaining a cognizable "injury" or "loss" proximately caused by any true or substantially true utterance *to that same effect*.

### TWENTY-FIRST DEFENSE

The phrase "anti homosexual blogger" is not a statement constituting defamation *per se* under settled Mississippi law.

### TWENTY-SECOND DEFENSE

The phrase "anti homosexual blogger" is not defamatory whether in the abstract or as applied to the Plaintiff himself whether in an opinion or in any factual statement which is true or substantially true.

### TWENTY-THIRD DEFENSE

The words complained of and attributed to the defendant are protected by Freedom of the Press as guaranteed by the First Amendment to the Constitution of the United States.

### TWENTY-FOURTH DEFENSE

The words complained of and attributed to the defendant are protected by Freedom of Speech as guaranteed by the First Amendment to the Constitution of the United States.

### TWENTY-FIFTH DEFENSE

Any statement actually written by *The Chronicle Herald* about the Plaintiff himself and concerning which Plaintiff has not specified wherein it was factually false as concerning him is not actionable as a "libel."

## TWENTY-SIXTH DEFENSE

Any factual statement actually written by *The Chronicle Herald* about the Plaintiff himself which is substantially true is not actionable.

## TWENTY-SEVENTH DEFENSE

Plaintiff has not averred any statement allegedly written about himself by *The Chronicle Herald* that was of a nature that the Plaintiff himself has regarded as arising to the level of a non-actionable "insult" and  therefore such clearly could not constitute any actionable "libel," a greater offense that offering an insult.

## TWENTY-EIGHTH DEFENSE

Plaintiff's mere *conclusory* averments that unspecified false statements were written about him personally, or that even *specified* statements allegedly written concerning him personally *were* "false," does not suffice to show Plaintiff himself was libeled without his explicitly pleading wherein what was said about him was entirely false and, thus, was not substantially true.

## TWENTY-NINTH DEFENSE

*The Chronicle Herald* reported the news as it occurred and fairly commented upon it, as was its right and privilege.

## THIRTIETH DEFENSE

The Plaintiff was and is a public figure, and he voluntarily became such.

## THIRTY-FIRST DEFENSE

The Plaintiff was and is a *vortex* public figure, and he voluntarily became such.

## THIRTY-SECOND DEFENSE

The Plaintiff has not alleged that, or wherein, *The Chronicle Herald* has acted toward the Plaintiff himself out of an *animus* of actual malice toward the Plaintiff personally.

## THIRTY-THIRD DEFENSE

None of what the Plaintiff alleges was written about him personally by *The Chronicle Herald* is actionable under the laws of the United States of America or of the State of Mississippi which laws are, rather, directly repugnant to the "claim" purportedly made in this civil action.

## THIRTY-FOURTH DEFENSE

The Plaintiff did not properly demand before filing this civil action any retraction of the allegedly libelous statement he has pleaded as being allegedly written about the Plaintiff himself; because the Plaintiff did not specify wherein the alleged falsity of any words allegedly written about him personally *were false in fact* but merely offered a conclusory, non-specific, general assertion of "falsity" which does not suffice.

## THIRTY-FIFTH DEFENSE

## ANSWER

## I.  PARTIES

1.     The allegations of paragraph 1 of the Complaint are admitted, save and except any conclusory implication meant to be conveyed by the adjective "investigative" as modifying the noun "weblog."  The conclusions set forth in paragraph 1 of the Complaint require no response.

2.     The Halifax Herald Limited is organized under and by virtue of the laws of the Commonwealth of Canada, a sovereign treaty signatory, with the United States of America, to *The Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial*

*Matters* and the Halifax Herald Limited is located at the physical address alleged in Halifax, Nova Scotia. Any allegation in paragraph 2 which is not explicitly admitted is denied, including Plaintiff's characterization that *The Chronicle Herald* so stands in relation to the Plaintiff as to be *fairly* characterizable as a "defendant" concerning any "fact" pleaded in the Complaint. (*The Chronicle Herald* was that phrase herein for the sake of brevity only and without conceding anything related to the point here made.) The conclusions set forth in paragraph 2 of the Complaint require no response.

3. The conclusory assertions of paragraph 3 of the Complaint require no response.

## II.  "JURISDICTION AND VENUE"

4. The allegations of paragraph 4 of the Complaint are denied. The conclusions set forth in paragraph 4 of the Complaint require no response.

5. The allegations of paragraph 5 of the Complaint are denied. The conclusions set forth in paragraph 5 of the Complaint require no response.

6. *The Chronicle Herald* does not dispute that the Plaintiff is seeking a recovery in excess of $75,000 in actual damages, exclusive of interest and costs, plus punitive damages. *The Chronicle Herald* denies each and every other allegation of paragraph 6 of the Complaint. The conclusions set forth in paragraph 6 of the Complaint require no response.

## III.  FACTUAL BACKGROUND

7. The allegations of paragraph 7 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 7 of the Complaint because *The Chronicle Herald* specifically denies any

allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald,* and it denies generally every other allegation of paragraph 7 of the Complaint.  The conclusions set forth in paragraph 7 of the Complaint require no response.

8.      The allegations of paragraph 8 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 8 of the Complaint because *The Chronicle Herald* specifically denies any allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald*, and it denies generally every other allegation of paragraph 8 of the Complaint.  The conclusions set forth in paragraph 8 of the Complaint require no response.

9.      The allegations of paragraph 9 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 9 of the Complaint because *The Chronicle Herald* specifically denies any allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald*, and it denies generally every other allegation of paragraph 9 of the Complaint.  The conclusions set forth in paragraph 9 of the Complaint require no response.

10.      The allegations of paragraph 10 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 10 of the Complaint because *The Chronicle Herald* specifically denies any allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald,* and it denies

generally every other allegation of paragraph 10 of the Complaint.  The conclusions set forth in paragraph 10 of the Complaint require no response.

11.     The allegations of paragraph 11 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 11 of the Complaint because *The Chronicle Herald* specifically denies any allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald*, and it denies generally every other allegation of paragraph 11 of the Complaint.  The conclusions set forth in paragraph 11 of the Complaint require no response.

12.     The allegations of paragraph 12 of the Complaint, were those true as stated, are not the responsibility of *The Chronicle Herald*, and the Defendant is not liable to Plaintiff therefor. Nevertheless, *The Chronicle Herald* demands that the Plaintiff provide strict proof of each and every fact alleged in paragraph 12 of the Complaint because *The Chronicle Herald* specifically denies any allegation thereof which Plaintiff purports is chargeable to *The Chronicle Herald,* and it denies generally every other allegation of paragraph 12 of the Complaint.  The conclusions set forth in paragraph 12 of the Complaint require no response.

13.     The actual pertinent reportage of *The Chronicle Herald, in its entirety*, literally speaks for itself.  Any allegation of paragraph 13 of the Complaint, or any implication by the Plaintiff related thereunto, which is or may appear to be at variance with *The Chronicle Herald*'s actual reportage, and/or any fair comment by *The Chronicle Herald*, is denied.  The conclusions set forth in paragraph 13 of the Complaint require no response.

14.     The allegations of paragraph 14 of the Complaint are denied as worded.   The conclusions set forth in paragraph 14 of the Complaint require no response.

15.     *The Chronicle Herald* specifically denies that the Plaintiff has pleaded the occurrence of any alleged publication by *The Chronicle Herald* of anything actionable *ex delicto* by the Plaintiff himself as against *The Chronicle Herald*.   The conclusions set forth in paragraph 15 of the Complaint require no response.

### IV.  CAUSE OF ACTION [SIC]

### COUNT 1: DEFAMATION [SIC]

16.     *The Chronicle Herald* reavers all of its defenses, responses and affirmative defenses to every preceding and every subsequent numbered paragraph of the Complaint as and for its response to paragraph 16 of the Complaint.

17.     The allegations of paragraph 17 of the Complaint are denied by *The Chronicle Herald*. *The Chronicle Herald* specifically denies that the Plaintiff has expressly and specifically pleaded what was allegedly false in any statement actually published in Canada by *The Chronicle Herald*, and it further specifically denies that the Plaintiff has expressly and specifically pleaded that *any* publication by *The Chronicle Herald* of a false statement about the Plaintiff has occurred *in* this district and/or division, or to whom the alleged "publication" was made, or when.   The conclusions set forth in paragraph 17 of the Complaint require no response.

18.     The allegations of paragraph 18 of the Complaint are denied by *The Chronicle Herald*. *The Chronicle Herald* specifically denies that the Plaintiff has expressly and specifically pleaded what was allegedly false in any statement actually published in Canada by *The Chronicle Herald* and further specifically denies that the Plaintiff has specifically pleaded that *any* publication

by *The Chronicle Herald* of a false statement about the Plaintiff has occurred *in* this district and/or division, or to whom the alleged "publication" was made, or when.  The conclusions set forth in paragraph 18 of the Complaint require no response.

19.     The allegations of paragraph 19 of the Complaint state nothing specific or material to Plaintiff's "claim" and are *therefor* unintelligible; each and very "allegation" of paragraph 19 of the Complaint is denied.  The conclusions set forth in paragraph 19 of the Complaint require no response.

20.     *The Chronicle Herald* reavers the responses to paragraphs 7 through 19 of the Complaint as and for a part of its response to paragraph 20 of the Complaint and, further, specifically denies the allegations of paragraph 20 of the Complaint.  The conclusions set forth in paragraph 20 of the Complaint require no response.

21.     *The Chronicle Herald* specifically denies each and every allegations of paragraph 21 of the Complaint and demands strict proof thereof.  Plaintiff has wholly failed to allege his alleged special damages in the manner and with that specificity expressly required by the Federal Rules of Civil Procedure.  Plaintiff reavers its denials as to any implied, but unpleaded and unspecified," falsity," as to any alleged, but unspecified, "publication," and as to any attempt to imply that the essential "causation" may be presumed to have stemmed from any matter, the actual, specific falsity of which and the actual publication *here* of same were, neither one, specifically pleaded, at all.  The conclusions set forth in paragraph 21 of the Complaint require no response.

## V. <u>PRAYER FOR RELIEF</u>

Having pleaded neither the actual falsity of any alleged libel allegedly uttered by *The Chronicle Herald*, nor any publication thereof in this district or division, nor any causation of any

actionable effect thereof upon himself, *The Chronicle Herald* declares that the Plaintiff is entitled to no relief that may be granted by this Honorable Court, wherefore, *The Chronicle Herald* denies that the Plaintiff may demand judgment against it for "actual damages," or punitive damages, or any other form or manner of relief alluded to in his Complaint.

AND NOW, having answered the allegations of the Complaint, *The Chronicle Herald* would show the following additional and alternative objections, defenses and matters in avoidance, as contemplated by Fed. R. Civ. P. 8.

### THIRTY-SIXTH DEFENSE

The claim asserted is barred by the statute of limitations.

### THIRTY-SEVENTH DEFENSE

For the reasons explicitly set forth in this pleading, *The Chronicle Herald* avers that this action was filed *pro se* and filed in violation of Fed. R. Civ. P. 11 and that it is also violative of the Mississippi Litigation Accountability Act. Moreover, the filing and the maintenance of this civil action was intended to vex the Defendant and Plaintiff's actions since the filing of it likely will unlawfully multiply these proceedings.

### THIRTY-EIGHTH DEFENSE

Any statement yet to be shown to have been actually uttered by *The Chronicle Herald* about the Plaintiff himself will be shown to have been justified as the contemporaneous reporting of the occurrence of a local court decision and thus privileged and, *if shown* to have been published here, then to have been published under circumstances in which that privilege was not actionably exceeded.

## THIRTY-NINTH DEFENSE

Any statement shown to have been actually written by *The Chronicle Herald* about the Plaintiff himself will be shown to have been true or substantially true.

## FORTIETH DEFENSE

The Plaintiff voluntarily instigated or injected himself into each of the controversies alluded to but not described in the Complaint and assumed thereby all risks attendant to his doing so. *The Chronicle Herald* exercised no dominion or control over the Plaintiff's deliberately chosen and pursued courses of action or over the responses of other persons thereto, whether reasonable in nature or not.

## FORTY-FIRST DEFENSE

The Plaintiff is estopped to complaint of the reportage of *The Chronicle Herald* and all fair comment related thereto.

## FORTY-SECOND DEFENSE

By injecting himself into various controversies as aforesaid, the Plaintiff waived the privilege of complaining, against *The Chronicle Herald*, or anyone else, in respect of any matters of fact or opinion that he invited or authorized others to comment upon, whether in agreement or in opposition, or that were the subjects of judicial findings of fact about himself, or that might be regarded as non-complimentary, even insulting, and whether or not and however those matters were published or reported about by others, including by *The Chronicle Herald*.

## FORTY-THIRD DEFENSE

"Homophobia" is a defined term having a general acceptance as to meaning.  If, as *implied* in his Complaint, Plaintiff himself is in fact not afraid of or averse to homosexuality and/or not afraid of or averse to alleged homosexuals, nevertheless he has so expressed or published opinions or descriptive words of a pejorative suggestion and/or so comported himself as to create a fair *inference* that he is or may be so averse or afraid, thus a homophobe, as that term is generally defined and as he and his statements have been characterized by various courts here and in Canada.

## FORTY-FOURTH DEFENSE

*The Chronicle Herald*'s actual actions and writings are protected by freedoms of the press and of free speech to the full measures set forth in the First Amendment to the Constitution of the United States of America, The Constitution of the State of Mississippi (1890) and the case decisions thereunto appertaining (as well as by the common law and the laws of the Commonwealth of Canada).

## FORTY-FIFTH DEFENSE

The Plaintiff is the so-called moderator, editor and/or publisher of all content allowed to be posted to "slabbed.org."  Nothing is published or can be published thereon which Plaintiff himself does not pre-approve for publication or re-publication and/or personally endorse by such publications, whereby he invites further such content to be posted there and foreseeably invites all controversies related thereunto, whatever the sources, whatever the contents thereof, and whatever motivates same.

-18-

## FORTY-SIXTH DEFENSE

Prior to the alleged "publication" by *The Chronicle Herald* of unspecified *false* matter using the phrase pleaded in the Complaint, **The United States Court of Appeals for the Fifth Circuit** expressly held concerning the Plaintiff that **this District Court** (in Civil Action No. 1:12-cv-00090-LG-JMR) had noted that, by using "Slabbed" to do so, Plaintiff had posted information "which can be [fairly] characterized as derogatory, mean spirited, sexist and *homophobic*."  (Emphasis added.) These filings are matters of public record, in both courts. But, the Plaintiff did not seek any manner of redress in this Court or in the Court of Appeals regarding either of those findings as just quoted; neither had  he filed or prosecuted any cross-appeal respecting same, to any purpose or any effect, in the Court of Appeals.  Neither did the plaintiff seek any manner of relief against substantially similar findings of fact made in the Supreme Court of Nova Scotia.

## FORTY-SEVENTH DEFENSE

Plaintiff must prove that *The Chronicle Herald* has acted toward him with actual malice and must do so by clear and convincing evidence but *The Chronicle Herald* has no such *animus*; thus, the Plaintiff has no evidence of this sort or that may plausibly be so construed.

## FORTY-EIGHTH DEFENSE

*The Chronicle Herald*'s neutral reportage of court decisions and other contemporaneous occurrences of matters of interest in Nova Scotia was justified.

## FORTY-NINTH DEFENSE

The United States Court of Appeals has now so ruled in No. 13-60002 that this District Court may take judicial notice of this Plaintiff's website's content and of juridical filings by Plaintiff in this

and other jurisdictions in the context of proceedings upon, *inter alia*, the First Defense.  Plaintiff is estopped to deny the contents of any of same.

## FIFTIETH DEFENSE

The Plaintiff may not seek damages for statements of opinion contained in substantially accurate reports by *The Chronicle Herald* concerning any statement or opinions that the Plaintiff has expressed, published or pleaded, however inappropriate or grotesque, and even if Plaintiff's opinions or pejoratives are not themselves legally actionable *by those* whom the Plaintiff describes or of whose actions he apparently disapproves.

## FIFTY-FIRST DEFENSE

Plaintiff must prove that he *is not* possessed in fact of and that he does not express an irrational fear of, aversion to, or is not inclined to discrimination against homosexuality or homosexuals, and that *The Chronicle Herald* has actually published in this district and division a *false* statement of purported fact about him that explicitly said that he is and Plaintiff must prove that that statement about him was not substantially true but was actually false and wherein so.

## FIFTY-SECOND DEFENSE

If the Plaintiff is a homophobe, then any actual fear or aversion which the Plaintiff himself may have had or still has towards homosexuality and/or alleged homosexuals has been, by definition, *irrational* and, thus, is not legally sanctionable by this Court, and the Plaintiff may not seek "damages" from *The Chronicle Herald* for his harboring any such irrational fear.  However, any pretense by which the Plaintiff may have feigned (or encouraged any conclusion) that he is homophobic, if done for commercial reasons, would be sham and false and thus could not be actionable, in any context.

### FIFTY-THIRD DEFENSE

Plaintiff has sustained no cognizable or non-cognizable direct loss or injury to himself.

### FIFTY-FOURTH DEFENSE

No such "injury" as Plaintiff alleged is cognizable in the context Plaintiff has alleged.

### FIFTY-FIFTH DEFENSE

Any alleged injury or loss which the Plaintiff claims he has sustained by being characterized as an "anti homosexual blogger" falls within the ambit of the doctrine of *de minimus non curat lex*."

### FIFTY-SIXTH DEFENSE

The publication, in Halifax, Nova Scotia, Commonwealth of Canada, of an opinion or a statement of fact fairly characterizing the Plaintiff as being an "*anti* homosexual blogger" cannot plausibly have impaired any cognizable interest he might possess or have plausibly diminished his public *persona* or reputation as an *anti* homosexual blogger, moreover it addressed a contemporaneous decision in a local court proceeding. *The Chronicle Herald* was not chargeable with any error in the court decision reported or any offense taken to that decision by the party against whom the decision issued. The Defendant reported the local current news with reasonable accuracy when describing the Supreme Court's findings.

### FIFTY-SEVENTH DEFENSE

Plaintiff has failed to mitigate, or avoid entirely, any alleged direct loss or injury he has claimed conclusorily.

## FIFTY-EIGHTH DEFENSE

The defendant avers, upon information and belief, that the plaintiff may have received, or accepted, or agreed to accept or receive things of value or other assistance whatever the form thereof, as an inducement to commence or to prosecute this civil action.

## FIFTY-NINTH DEFENSE

Plaintiff is estopped to assert that any direct loss or injury he has allegedly sustained was caused by *The Chronicle Herald* as opposed to being caused by some other actor or circumstance, and whether actionable or otherwise.

## SIXTIETH DEFENSE

*The Chronicle Herald* invokes Section 85-5-7, Mississippi Code.

## SIXTY-FIRST DEFENSE

The Plaintiff has confected or exaggerated any alleged direct "loss" or "injury" to himself for which he seeks recovery of compensatory damages from *The Chronicle Herald*.

## SIXTY-SECOND DEFENSE

Any direct loss or injury the Plaintiff himself may have sustained was proximately caused or contributed to by Plaintiff's own actions or by the actions of other individuals or entities for which *The Chronicle Herald* is neither answerable nor liable.

## SIXTY-THIRD DEFENSE

Plaintiff has not properly asserted a claim for any special damages.

## SIXTY-FOURTH DEFENSE

Punitive damages against this Defendant cannot be justified in this case, and any award of punitive damages to Plaintiff against this Defendant would violate the due process clause of the

Fourteenth Amendment to the Constitution of the United States of America in that the basis for awarding punitive damages is vague, standardless, and not rationally related to any legitimate governmental interest.

## SIXTY-FIFTH DEFENSE

Punitive damages against this Defendant cannot be justified in this case, and any award of punitive damages to Plaintiff against this defendant would violate the due process clause in Article 3, Section 14, of the Constitution of the State of Mississippi in that the basis for awarding punitive damages is vague, standardless, and not rationally related to any legitimate governmental interest.

## SIXTY-SIXTH DEFENSE

Punitive damages against this Defendant cannot be justified in this case, and any award of punitive damages to Plaintiff against this Defendant would be violative of the procedural safeguards provided to this Defendant under the Fifth and Sixth Amendments to the Constitution of the United States of America (as applied to Mississippi and other individual states through the Fourteenth Amendment to the Constitution of the United States of America) in that punitive damages are penal in nature, and this Defendant is entitled to the same procedural and evidentiary safeguards accorded to those charged with crimes against the United States of America or against any individual state thereof before any such penalty can be assessed.

## SIXTY-SEVENTH DEFENSE

Punitive damages against this Defendant cannot be justified in this case, and any award of punitive damages to Plaintiff against this Defendant would violate this Defendant's right to protection against "excessive fines" as provided in the Eighth Amendment to the Constitution of

the United States of America (as applied to Mississippi and other individual states through the Fourteenth Amendment to the Constitution of the United States of America).

## SIXTY-EIGHTH DEFENSE

Plaintiff's claims for punitive damages cannot be sustained, because an award of punitive damages under Mississippi law by a jury, who, before retiring to consider the issue, (1) is not provided a standard constitutionally sufficient for determining the appropriateness of, or the appropriate amount of, a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and/or (5) is not subject to judicial review on the basis of objective standards, would violate this Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States of America and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions providing for due process, equal protection and the guarantee against double jeopardy.

## **SIXTY-NINTH DEFENSE**

Any award of punitive damages in this case would violate this Defendant's right to procedural due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the Constitution of the United States of America and corresponding provisions of the Mississippi Constitution, if the jury is not authorized to apportion damages separately and severally against joint tortfeasors where the punitive damages are predicated upon the alleged enormity of the wrong committed by each alleged tortfeasor.

## **SEVENTIETH DEFENSE**

The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" about the degree of reprehensibility of this Defendant's alleged conduct, is violative of this Defendant's rights to the due process of law.  No jury can engage in such a finely tuned exercise of deterrence calibration.  No jury is institutionally competent to make such a necessary determination to justify a constitutionally permissible deterrence calibration.

## **SEVENTY-FIRST DEFENSE**

The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" about the disparity between the harm, if any, suffered by the Plaintiff and the punitive damages sought and/or any punitive damages awarded, is violative of this Defendant's rights to the due process of law.  No jury can engage in such a finely tuned calculation of a constitutionally acceptable disparity between the harm, if any, suffered by the Plaintiff and the punitive damages sought and/or any punitive damages awarded.  No jury is institutionally competent to make such a necessary determination to justify a constitutionally permissible disparity or correlation.

## SEVENTY-SECOND DEFENSE

The submission of punitive damages to a jury, upon the pretext of having the jury make "findings of fact" regarding the differences between the punitive damages awarded by themselves and those imposed in comparable cases, is violative of this Defendant's rights to the due process of law. Jurors have no such information, experience or competency and go well beyond their lawful fact-finding function when allowed to make such determinations without any basis or competency for doing so.

## SEVENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under Mississippi law without proof of each separate element by evidence beyond a reasonable doubt would violate this Defendant's substantive and procedural due process rights under the due process provisions of the Mississippi Constitution and the Constitution of the United States of America.

## SEVENTY-FOURTH DEFENSE

Any imposition of punitive damages based upon theories of *respondeat superior*, agency, vicarious liability, or joint and several liability violates the due process clause of the Fourteenth Amendment of the Constitution of the United States of America, and the corresponding provisions of the Mississippi Constitution.

## SEVENTY-FIFTH DEFENSE

Any imposition of punitive damages against this Defendant would violate the due process clauses of the Fourteenth Amendment of the Constitution of the United States of America and the Mississippi Constitution, in that the bases for imposing liability and for awarding punitive damages

are vague, retroactive, limitless, standardless and not rationally related to any legitimate governmental interests.

## SEVENTY-SIXTH DEFENSE

Any imposition of punitive damages against this Defendant based upon wealth would violate the equal protection clause of the Fourteenth Amendment to the Constitution of the United States of America.

## SEVENTY-SEVENTH DEFENSE

To the extent that it seeks punitive damages, the complaint violates this Defendant's rights to substantive due process, as provided in the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and therefore, fails to state a basis upon which punitive damages can be awarded.

## SEVENTY-EIGHTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because Mississippi law regarding the standard for determining liability and the amount of punitive damages fails to give this Defendant prior adequate notice of the conduct for which punitive damages may be imposed and is void for vagueness in violation of this Defendant's due process rights guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

## SEVENTY-NINTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because, under Mississippi law, a jury award of punitive damages, to the extent not subject to post-trial and appellate court reviews under constitutionally adequate, objective standards to insure that the award is rationally related to

the state's legitimate goals of deterrence and retribution, further violates this Defendant's due process

rights guaranteed by the Fourteenth Amendment to the Constitution of the United States of America.

**EIGHTIETH DEFENSE**

Any removal of homophobic, anti homosexual(s), or anti homosexuality matter or content

from his blog or other records or date compilations would constitute spoliation of evidence.

WHEREFORE The Halifax Herald Limited denies that it is liable to the Plaintiff, in any

amount, and it demands to be dismissed.

**DATED:  March 30, 2015.**

Respectfully submitted,

THE HALIFAX HERALD LIMITED


BY: /s/ Jackson H. Ables, III
        OF COUNSEL


BY: /s/ Emily H. Wilkins
        OF COUNSEL

JACKSON H. ABLES, III - BAR # 1027
jables@danielcoker.com
EMILY H. WILKINS - BAR # 104782
ewilkins@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116

## <u>CERTIFICATE</u>

I hereby certify that on **March 30, 2015**, I electronically filed the foregoing with the Clerk

of the Court using the ECF system and that I have this day served by United States **registered** mail

a true and correct copy of the above and foregoing to:

>   Douglas Handshoe
>   214 Corinth Drive
>   Bay St. Louis, MS 39520


<u>/s/ Jackson H. Ables, III</u>